U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**

**April 3, 2013**

**Clerk, U.S. Bankruptcy Court**

**Below is an order of the Court.**

*Elizabeth L Perris*

**U.S. Bankruptcy Judge**

NADWA (3/5/09)

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re                                                              ) Case No. **12–39346–elp7**
**Lee Ann Jenny,** xxx–xx–5697                          )
Debtor(s)                                                       ) CHAPTER 7 ORDER RE: DISCHARGE OF
                                                                     ) DEBTOR(S), AND CLOSING "NO ASSET"
                                                                     ) CASE
                                                                     )
                                                                     )

It appearing that on 12/27/12 a bankruptcy petition was filed by the debtor(s); timely complaints filed pursuant to 11 USC §523(a) could be pending and the court could still order that any affected debt is nondischargeable, however no complaint objecting to the debtor's discharge pursuant to 11 USC §727 was timely filed (or such complaint was filed, and after due notice and hearing, was dismissed); the trustee has performed all required administrative duties; and therefore,

**IT IS ORDERED** that:

1.  The debtor(s) shall be granted a discharge under 11 USC §727.

2.  Each of the debtor's timely filed reaffirmation agreements that either did not require court approval, or that was approved by court order and was not subsequently either stricken or rescinded, is deemed enforceable (though possibly still subject to rescission to the extent provided by 11 USC §524). The information specified by 11 USC §524(d) was provided to the debtor(s) either as certified by an attorney in the agreement, or by the court on the back of the Notice of Discharge Hearing or at any Discharge Hearing.

3.  The trustee is discharged as trustee of the debtor's estate; this case is closed; and the court shall retain jurisdiction over any adversary proceeding pending at the time of closure.

**EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE**

This court order grants a discharge to the person(s) named as a debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

Collection of Discharged Debts Prohibited. The discharge prohibits any attempt to collect from a debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. (If applicable there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.) A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

**Page 1 of 2       IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Debts that are Discharged. The Chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to Chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

Debts that are Not Discharged. Some of the common types of debts which are not discharged in a Chapter 7 bankruptcy case are:
  a. Debts for most taxes;
  b. Debts that are for domestic support obligations, or debts to a spouse or former spouse for property settlement;
  c. Debts for most student loans;
  d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
  e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;
  f. Some debts which were not properly listed by the debtor;
  g. Debts the bankruptcy court specifically has decided or will decide in this case are not discharged;
  h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**Page 2 of 2       IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

###